STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO CV-18-0256

LAWRENCE MERRILL,

Plaintiff,

v.

ORDER

MAURICE BLANCHARD,

Defendant.

Hearing was held on the plaintiff's complaint on September 26, 2019. The plaintiff, an attorney, was present and represented himself while the defendant was present and represented by counsel, Daniel Bernier, Esq.

In his complaint, plaintiff seeks to recover pursuant to a loan agreement and three addenda. He also seeks to recover on a $4,000 promissory note. Merrill loaned these sums to Blanchard so that he could purchase a race car, buy other cars for resale, and for other purposes. Blanchard has made some payments on the loans but Merrill asserts that he is now in default and owes over $17,000 on the agreements and over $4,000 on the note . Blanchard has counterclaimed, alleging unjust enrichment, quantum meruit, and breach of contract.

Mr. Merrill has had a complex financial relationship with Mr. Blanchard and his wife Heidi for many years. In addition to the loans already mentioned, Mr. Merrill financed Heidi Blanchard' purchase of real estate which has now been sold. Each parcel appreciated during Ms. Blanchard's period of ownership and Mr. Merrill assisted in the sale, but kept any proceeds that exceeded the amount due and provided no accounting for the sums retained. Additionally, while residing in these properties, Mr. Blanchard made improvements and maintained the properties with his own labor. He also provided services for Mr. Merrill such as cutting wood and repairing vehicles without

compensation, but under the belief that his indebtedness to Mr. Merrill was being reduced.

Throughout this complex financial interaction, Mr. Merrill did not provide the Blanchards with statements or accounting information. The Blanchards did not complain at the time because the parties were friendly and Mr. Merrill was assisting them financially. Over time, the relationship soured and Mr. Merrill demanded payment according to an accounting he produced and the Blanchards objected, claiming that they had paid off the debt through payments, the sale of real estate, and their labor.

On December 26, 2017, Merrill sent Blanchard a letter stating, "As I mentioned on the phone, I've decided to forget about the debt for the race car, cars you were going to resell, and whatever else. But I might as well get something out of it." Hoping to gain income tax benefit, he then enclosed a document to be signed by Blanchard that acknowledged the debt, indicated he would never have the money to pay it, and proclaimed that he would not pay. Blanchard refused to sign and eventually Merrill filed suit.

The Court finds that Mr. Merrill has failed to prove that any sum is due. There is evidence of repayment with money, labor, and real estate sale proceeds. Discerning the impact of these incremental attempts at repayment has been made difficult because of Mr. Merrill's failure to provide the debtors with periodic statements. Mr. Merrill's expression in this letter that he had decided to "forget about the debt," however, carries with it the implication that, at the time, he considered the debt paid.

Concerning the counterclaims, they are denied because, in essence, there is now no unjust enrichment, the subject of Count I, and Mr. Blanchard is being compensated for his services, the subject of Counts II and III.

The Entry Is:

Judgment for the Defendant on the Complaint

Judgment for the Counterclaim Defendant on the Counterclaims

Dated: October 2. 2019

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 10-7-19